UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIM. NO. 16-CR-29 (MPS) |
| TIMOTHY BURKE | : | June 16, 2016 |

**<u>DEFENDANT'S RESPONSE TO MOTION FOR RESTITUTION</u>**

The Government has moved for restitution in this matter based upon claims submitted by several individuals aggrieved by Mr. Burke's conduct. Among these claims is a request for $84,853.84 made by AM and DP, the landlords of a property that Mr. Burke previously rented. This figure, per the claimants, represents the cost of attorney's fees in an eviction action against Mr. Burke as well as unpaid rent. As the Government acknowledged at the sentencing hearing, these landlords were not among the homeowners or tenants affected by the fraudulent scheme that forms the basis of the conviction in this case. For the reasons that follow, an award of restitution under 18 U.S.C. § 3663A would therefore be improper.

The Mandatory Victim Restitution Act, § 3663A, provides for restitution for victims of certain offenses, including fraud. The statute defines "victim" as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the

1

scheme, conspiracy, or pattern." Section 3663A(a)(2). (Identical language appears with respect to discretionary restitution under 18 U.S.C. § 3663.)

As the Government recognizes in its motion, this definition of "victim" under the MVRA is limited and limiting: restitution may be awarded only to those directly harmed by the specific offense of conviction.[1] The Second Circuit has explained:

> The MVRA's definition of "victim" reflects an important limiting principle for restitution awards—namely, that Congress has "authorize[d] an award of restitution only for the loss caused by the specific conduct that is the basis of the offense of conviction." *Hughey v. United States,* 495 U.S. 411, 413, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990). As we have previously explained, restitution is not permitted for loss caused by "relevant conduct," even though such conduct may be "properly included in offense level calculation" under the Sentencing Guidelines. *United States v. Lussier*, 104 F.3d 32, 33 (2d Cir.1997).

*United States v. Vilar*, 729 F.3d 62, 97 (2d Cir. 2013) (footnote omitted).

AM and DP do not come close to falling within the definition of "victim" for purposes of the MVRA, particularly as that term has been defined in the Second Circuit. The operative charging document in this case, the second superseding indictment (DE #79) sets forth in great detail the fraudulent scheme to which Mr. Burke pled guilty. Nowhere does that charging document make any allegation relating to Mr. Burke's conduct as a delinquent tenant of any property, let alone his specific conduct with respect to the property owned by AM and DP.

The Government, while acknowledging the rule set forth in *Vilar* and without identifying any contrary authority, nonetheless requests restitution on behalf of AM and DP. The thrust of the

---

[1] Section 3663A(a)(3) authorizes a Court to impose restitution to non-victims, but only "if agreed to by the parties in a plea agreement[.]" The plea agreement in this case contains no agreement that restitution is due to AM and DP, and the Government does not assert that this provision applies.

2

Government's argument appears to be that Mr. Burke engaged in some manner of uncharged criminal conduct with respect to AM and DP.

This claim fails to support an award of restitution for two reasons. First, as discussed in *Vilar*, restitution may be ordered <u>only</u> for victims of <u>the specific offense of conviction</u>, not for some other offense. Second, the Government's claim that Mr. Burke violated a criminal law with respect to AM and DP is merely an unproven assertion. Mr. Burke was never charged with this conduct, and the alleged conduct described by the Government, *see* DE #173 at 2, appears to describe contractual violations that are more properly the province of landlord-tenant court than criminal proceedings.

As the Government points out, at the sentencing hearing Mr. Burke did indicate his desire to repay AM and DP. Those statements might well bear on the determination of Mr. Burke's financial liability in the context of a civil action. But Mr. Burke's words do not alter the status of AM and DP with respect to the statutory definition set forth in § 3663A.

Finally, at the sentencing hearing in this matter the Court inquired as to Mr. Burke's interest in three properties identified in ¶ 103 of the Presentence Report. Because the status of these properties may bear on the Court's restitution order, Defendant also submits (in a separate sealed filing) public tax and property records reflecting the current ownership of these properties (one of which appears to be a condominium complex with multiple owners).

## CONCLUSION

For the reasons above, the Government's motion for restitution as to AM and DP should be denied.

Respectfully submitted,

THE DEFENDANT,
Timothy Burke

OFFICE OF THE FEDERAL DEFENDER

Dated: June 16, 2016

/s/ James P. Maguire
James P. Maguire
Assistant Federal Defender
265 Church Street, Suite 702
New Haven, CT 06510
Phone: (203) 498-4200
Bar No.: ct29355
Email: James_Maguire@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 16, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ James P. Maguire
James P. Maguire